**Gerard J. CASEY, Jr., Petitioner**

**v.**

**Luis SPENCER, Respondent.**

**Civil Action No. 08–11236–PBS.**

United States District Court,
D. Massachusetts.

July 23, 2009.

Gerard J. Casey, Jr., Norfolk, MA, pro se.

Jessica Vincent Barnett, Office of the Attorney General, Boston, MA, for Respondent.

### ORDER

PATTI B. SARIS, District Judge.

I adopt the report and recommendation without objection.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

June 16, 2009

JUDITH GAIL DEIN, United States Magistrate Judge.

#### I. INTRODUCTION

The petitioner, Gerard J. Casey, Jr. ("Casey" or "petitioner") is serving a life sentence without the possibility of parole following his conviction, on June 9, 1997, by an Essex County jury of murder in the first degree and armed home invasion.

After his second motion for a new trial was denied, Casey filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2008. (Docket No. 1). Therein, Casey contends that (1) the motion court's failure to hold an evidentiary hearing on his motion for a new trial represented an abuse of discretion, (2) the trial judge's instructions to the jury on reasonable doubt were constitutionally deficient, (3) the chemicals ingested by the petitioner rendered him temporarily insane during the time of the murder, and, therefore, his conviction was unconstitutional, and (4) he was provided ineffective assistance of counsel during trial and on his direct appeal to the Massachusetts Supreme Judicial Court ("SJC"). *See* Petition ¶ 12, Grounds 1–4.

In response to this petition, the respondent has filed a motion to dismiss on the grounds that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). The respondent contends that the one-year statute of limitations to file a timely petition for writ of habeas corpus expired on May 11, 2000, one year after the petitioner's conviction became final. *See* Respondent's Mem. (Docket No. 8) at 3. This court agrees that the habeas petition is untimely. Therefore, and for the reasons set forth herein, this court recommends to the District Judge to whom this case is assigned that the motion to dismiss (Docket No. 7) be ALLOWED.

## II. *STATEMENT OF FACTS*

### *Underlying Crime*

Because the facts of the original crime are not relevant to the determination of the instant motion, they will be summarized briefly. As the SJC found, on Octo-

ber 14, 1995, Casey entered a house on Prescott Road in Lynn and went into the bedroom of the victim, Michael Barg. *Commonwealth v. Casey*, 428 Mass. 867, 867, 705 N.E.2d 1108, 1108 (1999). Once there, Casey hacked Barg to death with a sword. *Id.* The motive was allegedly jealousy because Casey's ex-girlfriend and Barg had recently started dating. *Id.* at 867–68, 705 N.E.2d at 1108–09.

### *Procedural History*

Casey was indicted by an Essex County grand jury on November 1, 1995.[1] On June 9, 1997, a jury found him guilty of one count of murder in the first degree on the theories of deliberate premeditation, felony-murder, and extreme atrocity or cruelty, as well as of armed home invasion. *See Casey*, 428 Mass. at 867 & n. 1, 705 N.E.2d at 1108 & n. 1. Casey was sentenced to life without the possibility of parole. The SJC affirmed the judgment of the lower court on February 10, 1999. Over four years later, on August 31, 2004, Casey filed a motion for a new trial on the grounds of ineffective assistance of counsel. Specifically, Casey alleged that his trial counsel was ineffective for failing to challenge the testimony of one of his own witnesses, Dr. Ellen Cohen, who allegedly undermined his intoxication defense by testifying that the anti-depressant medication she prescribed to him was "far below" the therapeutic dose. *See* Petition at ¶ 11(a)(5). He also alleged that "trial counsel was ineffective for presenting a Doxepin-and-alcohol defense instead of a Doxepin–and–Zoloft defense." *Id.* This motion for a new trial was denied by the Superior Court on December 29, 2004, and the SJC denied Casey leave to appeal that decision on June 6, 2006.

---

1. Copies of the Superior Court docket sheets and the SJC docket sheets are attached to the Respondent's Memorandum (Docket No. 8).

On April 30, 2007, Casey filed a second motion for a new trial on the grounds that (1) a combination of Zoloft and alcohol rendered him temporarily insane during the time of the murder, (2) the trial judge's reasonable doubt instructions were flawed, and (3) his trial counsel was ineffective for failing to object to the flawed reasonable doubt instructions. *See* Petition at ¶ 11(b)(5). Casey's second motion was denied by the Superior Court on May 16, 2007, and the SJC denied Casey's application for leave to appeal on March 25, 2008. Casey filed his instant petition for writ of habeas corpus on July 15, 2008.

The respondent has moved to dismiss the petition as untimely. This court agrees that the petition is time-barred, and, as detailed herein, recommends that the motion to dismiss be allowed.

### III. *ANALYSIS*

Casey's petition for writ of habeas corpus is governed by 28 U.S.C § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As 28 U.S.C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

> > right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the SJC affirmed the original judgment of the trial court on February 10, 1999. Casey's conviction became final ninety days thereafter, when the period for seeking certiorari to the Supreme Court expired. *See Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 79 n. 7 (1st Cir.2002) (state conviction is final at the end of the 90–day period to file petition for certiorari with the United States Supreme Court). While Casey did file a motion for a new trial on August 31, 2004, because this was "well after [his] AEDPA's limitations period had expired, it did not stop or reset the clock[.]" *Cordle v. Guarino*, 428 F.3d 46, 48 n. 4 (1st Cir. 2005). Accordingly, Casey had one year from the date his judgment was final, *i.e.* until May 11, 2000, to file his habeas petition, and this period was not tolled. Therefore, the habeas petition filed on July 15, 2008 was untimely.

Casey contends that the decision in *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) provides "a right newly recognized by the Supreme Court" as provided for in 28 U.S.C. § 2244(d)(1)(C), and thus compels this court to reset the limitation period and honor his habeas corpus petition as timely.

*See* Petitioner's Opp. to Motion to Dismiss (Docket No. 11) at 2–3. This argument is without merit. In *Massaro*, the Supreme Court held that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255," *i.e.* it is not procedurally defaulted. *Massaro*, 538 U.S. at 509, 123 S.Ct. at 1696. *Massaro* is a procedural ruling: it "raises no constitutional issues and is based solely on practical considerations.... Therefore, even if the rule had been made retroactive, which it was not, it would not extend petitioner's AEDPA limitations period." *Seaver v. Spencer*, No. 06–11150–RWZ, 2007 WL 851245, *3 n. 4 (D.Mass. March 20, 2007) (internal citation omitted). *See also Cuypers v. Symmes*, No. 07–106 (JRT/SRN), 2007 WL 1219306, *2 (D.Minn. April 24, 2007) (*Massaro* is not based on constitutional or statutory grounds and "did not announce a new constitutional rule that would be eligible for retroactive application to cases on collateral review") and cases cited.

## IV. *CONCLUSION*

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Re-

---

**2.** The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Mo-*

---

spondent's Motion to Dismiss (Docket No. 7) be ALLOWED.[2]

---

*tor Co.*, 616 F.2d 603, 604–05 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 153–154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir.1998).